UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES THOMASON, II, et al., :

    Plaintiffs, :

                                                           CIVIL ACTION NO.

v. :

                                                           1:05-CV-02355-MHS

NATIONAL CRANE CORP., :

    Defendant. :

**ORDER**

There are several matters pending before the Court. The Court's ruling and conclusions are set forth below.

Background

This is a products liability case involving personal injury and property damage claims. Plaintiff James Thomason, II ("Thomason") alleges that he was injured while operating a truck crane manufactured by defendant National Crane Corporation ("National Crane").[1] Plaintiff contends during the course of his employment with Northeast Georgia Crane and Rigging, Inc., ("Northeast") that

---

[1] Defendant states in its answer that plaintiffs have incorrectly identified defendant as National Crane, Inc., but that defendant's proper name is National Crane Corporation.

the crane overturned while he was traversing the exit ramp on Georgia Highway 10 Loop near Athens, Georgia. There are three plaintiffs in this case: James Thomason, II, who was operating the truck crane at the time of the incident and seeks to recover for personal injuries, lost wages, and other damages; Crum & Forster Indemnity Co., which holds the workers' compensation lien in this case; and Northeast, which seeks to recover for the property damage to the truck crane. Plaintiffs bring claims of negligence, strict liability, and failure to warn against defendant.

Discussion

On June 2, 2006, defendant moved to strike the second expert report of plaintiff's expert, H. N. Edmondson, because it is untimely given the course of and status of discovery in this case. On June 9, 2006, plaintiffs filed a motion to dismiss without prejudice. Also on June 9, 2006, defendant filed a motion for an extension of time to extend discovery in the event that the Court denied defendant's motion to strike. Finally, on June 30, 2006, plaintiffs moved to stay the decision on defendant's motion to strike and for leave to file a response should it become necessary.

Plaintiffs move to dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) allows a plaintiff to dismiss an action voluntarily and without prejudice to future litigation at any time, subject to the Court's approval. Fed. R. Civ. P. 41(a)(2). "The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986) (quotations omitted). The Court has broad discretion in determining whether to allow voluntary dismissal pursuant to Rule 41(a)(2). Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). In most cases, the Court should grant the motion for voluntary dismissal unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit. Id. The crucial question for the Court is whether the defendant would lose any substantial right by the dismissal. Id. Even though the plaintiff may obtain some tactical advantage over the defendant in future litigation, this will not bar a voluntary dismissal. McCants, 781 F.2d at 857. In exercising its discretion, the Court must weigh the relevant equities and do justice between the parties, imposing costs and conditions to the dismissal as are deemed appropriate. Pontenberg, 252 F.3d at 1256. Furthermore, the Court should keep in mind the defendant's interests because the rule exists chiefly for the protection

3

of the defendant. <u>Fisher v. Puerto Rico Marine Mgmt., Inc.</u>, 940 F.2d 1502, 1503 (11th Cir. 1991).

Plaintiffs argue that counsel for plaintiff Northeast has recently become the sole and lead counsel in several hotly contested litigated matters because one of his partners suddenly retired. Counsel for Northeast contends that he will not be able to complete discovery in the time allowed. Plaintiffs further contend that defendant conducted testing of the crane at issue in this matter and disclosed information that directly contradicted statements of eyewitnesses upon which plaintiffs' expert relied. Due to this information, plaintiffs' expert revised his calculations and submitted a second report. Now that defendant has moved to strike and exclude this second report, plaintiffs contend that defendant has caused a delay in the taking of depositions and completing discovery. Plaintiffs stipulate that if the Court grants their motion and the matter is re-filed, all discovery in this matter would be re-used in the subsequent action and that the action should be reassigned to this Court to avoid forum shopping. Therefore, with these stipulations, defendant will not suffer any legal prejudice.

4

Defendant objects to plaintiffs' dismissal and takes issue with plaintiffs' reasons for wanting to dismiss. However, in deciding the motion the Court's focus is not on plaintiffs' reasons for dismissal, but the effect the dismissal would have on defendant. Regarding that issue, defendant argues that it has already expended a substantial amount of resources, monetary and otherwise, to bring this case to the end of the liability phase after almost two years since plaintiffs first filed their complaint. Defendant argues that it will incur substantial fees and costs in bringing the case up to speed as well as duplicate much of its case preparation should plaintiffs choose to re-file. Defendant argues that any delay impacts its ability to mount a thorough defense due largely to the potential loss of any witness or their accurate memory. Defendant also avers that it is entitled to remove the "black cloud" that hangs over it due to allegations that a product it manufactured is somehow defective. Finally, defendant contends that plaintiffs' prosecution of this case, or lack thereof, has been conducted in bad faith. Defendant argues that plaintiffs, their counsel, and their shared engineering expert engaged in bad faith as evidenced by plaintiffs' expert relying on grossly incorrect material facts and changing his theory of the cause of the accident in a second expert report. Defendant claims that plaintiffs have unnecessarily prolonged this case and

AO 72A
(Rev.8/82)

needlessly caused excessive fees and expenses for defendant in having to debunk plaintiffs' expert's theories.

The Court finds that defendant will not suffer legal prejudice if the Court grants the dismissal. The Court does not find that plaintiffs acted in bad faith. According to defendant, plaintiffs and their expert relied on patently incorrect information due to their failure to properly investigate and evaluate this matter and the expert's wrong calculations and opinions motivated plaintiffs to submit a second expert report to the Court. Plaintiffs' counsel's or expert's negligence in submitting the expert report is not sufficient to deny the dismissal. See Pontenberg, 252 F.3d at 1257-58; see also Durham v. Fla. East Coast Railway Co., 385 F.2d 366, 368 (5th Cir. 1967). The delay in the case, the expenses and resources incurred by defendant, and defendant's loss of defense are not sufficient legal prejudice to deny the dismissal. McCants, 781 F.2d at 859. While the Court recognizes that the potential of a subsequent lawsuit may be annoying and inconvenient for defendant, the prejudice of possibly being subject to a second lawsuit and plaintiffs' ability to possibly gain a tactical advantage are not substantial prejudices. See Durham, 385 F.2d at 368-69.

However, keeping in mind defendant's interests, the Court finds that the imposition of costs and other conditions are appropriate in this case to balance the relevant equities and do justice between the parties. The purpose of imposing costs pursuant to Rule 41(a)(2) is to fully compensate defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation. Bishop v. West Am. Ins. Co., 95 F.R.D. 494, 495 (N.D. Ga. 1982). The award of costs usually includes all litigation-related expenses incurred by defendant, including reasonable attorney fees. McCants, 781 F.2d at 860. Weighing the interests of defendant in light of its efforts and expenses incurred in the approximately two years since this suit was originally filed[2] against plaintiffs' explanation for the need to take a dismissal, the Court concludes that it will grant plaintiffs' motion for voluntary dismissal without prejudice subject to plaintiffs reimbursing defendant for their litigation-related expenses incurred in defending this case, including reasonable attorneys' fees, as well as the conditions set forth below. See Sobe News, Inc. v. Ocean Drive Fashions, Inc., 199 F.R.D. 377, 378-79 (S.D. Fla. 2001).

---

[2] Plaintiffs originally filed this action in state court on October 29, 2004. Defendant removed the case to this Court on September 9, 2005.

7

Conclusion

For the foregoing reasons, the Court DENIES AS MOOT defendant's motion to strike [#40], defendant's motion for extension of time [#51], and plaintiffs' motion to defer ruling [#58]; GRANTS plaintiffs' joint motion to dismiss without prejudice [#47].

This action is hereby DISMISSED WITHOUT PREJUDICE. Plaintiffs shall reimburse defendant for their litigation-related expenses incurred in defending this case, including reasonable attorneys' fees. Defendant shall file supporting materials, including affidavits, and a proposed order setting forth the amount to be awarded in accordance with this order. If plaintiffs re-file this matter, all discovery taken and obtained in this matter, including depositions and initial disclosures may be re-used in the subsequent action. If plaintiffs re-file this matter, it should be assigned to this Court, subject to the Northern District of Georgia's Internal Operating Procedures, to avoid any forum shopping. If plaintiffs re-file this matter, plaintiffs will file against National Crane Corp. as defendant, without the originally-named non-diverse defendant, so that defendant National Crane will not have to engage in removal or otherwise contend with a state court proceeding.

If plaintiffs deem the conditions imposed by the Court too burdensome, they shall move to withdraw their motion for voluntary dismissal and to vacate this order within ten (10) days from the date of this order.

IT IS SO ORDERED, this 31st day of August, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia